[Crim. No. 33003. Second Dist., Div. Four. May 14, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL D. FULTON, Defendant and Appellant.

**COUNSEL**

Joseph F. Walsh, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger and George Deukmejian, Attorneys General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Howard J. Schwab and Lawrence P. Scherb II, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KINGSLEY, Acting P. J.**—Defendant was charged, jointly with Tremain Rufus Adams, with: (count I) robbery of Jose Marroquin, in violation of section 211 of the Penal Code; (count II), robbery of Dolores Anaya, in violation of section 211 of the Penal Code; (count III), burglary, in violation of section 459 of the Penal Code; (count IV), robbery of Anibal R. Guerra, in violation of section 211 of the Penal Code; (count V), burglary, in violation of section 459 of the Penal Code; (count VI), robbery of Marie Gonzales, in violation of section 211 of the Penal Code; (count VII), burglary in violation of section 459 of the Penal Code; (count VIII), rape of Marie Gonzales; (count IX), robbery of Victor Quintero, in violation of section 211 of the Penal Code; (count X), burglary in violation of section 459 of the Penal Code; (count X), burglary in violation of section 459 of the Penal Code. Allegations of the use of a firearm were alleged as to each count and bodily harm was alleged in connection with count VII. After a trial by jury, he was found guilty on counts I, II, III, VI, VII and XI; no verdicts were returned on counts IV and V; the jury reported disagreement on count VIII and it was dismissed. He was sentenced to state prison; he has appealed; we reverse.

On this appeal defendant does not contest the sufficiency of the evidence to support the verdicts. His contentions are: (1) that he was denied his right to a speedy trial; (2) that the trial court improperly denied his motions for a continuance; (3) that the trial court erred in permitting him to testify without having given to him the required warnings; and (4) that the trial court erred in computing the term of his imprisonment. We reject the first contention; we agree with the second contention and agree in part with the fourth contention; since our holding on the second contention impels a reversal, we need not consider the third contention.

I

The case had been continued for some time; ultimately it was called for trial on February 17, 1978. It was trailed from that date for reasons

not here attacked. Under section 1382 of the Penal Code, the last day of trailing, except for good cause, was February 27, 1978. On February 24, 1978, the matter was before the court on defendant's motion to discharge his court-appointed counsel and represent himself. After some discussion, at the suggestion of his then counsel, the matter of the motion for self-representation was continued to the following Monday, February 27th. On that date, after a discussion between the trial court and the prosecutor, but in the absence of both defendant and his then counsel, the case was ordered trailed to the next day. On February 28th, which was the 11th day of trailing, defendant and his counsel were present; the court granted the motion for self-representation but appointed the former attorney to act as advisory counsel. Neither defendant nor his counsel objected to the delay into the 11th day or moved to dismiss. Instead, defendant complained only that he was being denied pro. per. privileges and the trial court made an order on that complaint. The case was again trailed until March 1st. On that date, the case was again trailed for an additional day because of the illness of codefendant Adam's counsel. On March 2d, the cases of the two defendants were severed and the case against defendant proceeded to trial.

■ On this appeal, defendant contends that that series of events denied to him the speedy trial provided for in section 1382 in two respects: (1) the continuance on February 27th made in his absence and in the absence of his then counsel; and (2) the failure of the trial court, on February 28th or March 1st to advise defendant, by then representing himself, of his rights under section 1382. However, a defendant whose trial is postponed beyond the 10-day permissible trailing period must promptly act to secure a dismissal, either by motion in the trial court or by application to this court for a writ. Defendant did neither. In fact, when he appeared on February 28th his only objection was lack of opportunity to prepare for trial—a position thereafter taken by him as is hereinafter discussed. It is clear from the whole record that, by February 28th, and thereafter, defendant did not want a speedy trial but was vigorously objecting to having one. Further, the two days here involved were continuances for a good cause to which defendant's consent was unnecessary.

## II

■ When the case ultimately came on for trial, defendant sought a 30-day continuance on the ground that he had not had time, due to the lateness in getting pro. per. privileges and a copy of the preliminary

transcript, to prepare for trial. That motion, and a subsequent motion, were denied. We agree that that was error.

While it is now settled that a trial court may *deny* a request for self-representation made on the very eve of trial, on the ground that granting the motion would involve a continuance for preparation, the very rationale of that doctrine requires that, if the trial court, in its discretion, determines to *grant* the request for self-representation it must then grant a reasonable continuance for preparation by the defendant. (See *People* v. *Cruz* (1978) 83 Cal.App.3d 308, 322-326 [147 Cal.Rptr. 740].) The fact that defendant's prior counsel had announced ready for trial on February 24th does not show that defendant personally was ready to assume the burden of trying the case. Nor does the fact that that counsel was to be "advisory" to defendant show that defendant did not need a reasonable time to prepare himself to seek or receive advice.

### III

Although we must reverse for the error just discussed, we comment on defendant's fourth contention for the guidance of the trial court if a retrial again results in a conviction.

The judgment as originally pronounced was thereafter modified by three nunc pro tunc orders. We regard the notice of appeal as being an appeal from the judgment as so corrected and have augmented the record to include those three orders.

■ (a) In its final form, defendant was sentenced on count VI, as the base term, to the upper term of five years for an aggravation based on the alleged rape of Maria Gonzales. It is here contended that because the jury was unable to reach a verdict on count VIII, which had charged that rape, it was improper for the trial court to use that alleged offense as an aggravation. We disagree. Under subdivision (b) of section 1170 of the Penal Code, the trial court is entitled to look at the whole record in the case. If the court determines that matters in aggravation did occur, it need not have a jury finding on that matter to support its order.[1]

(b) Defendant contends that the trial court improperly enhanced the sentences on counts I, II, VI and IX, by using the use of a firearm as to all of those counts. Counts I and II involved robberies of two victims (Anaya

---

[1] We do not here consider a case in which a jury has acquitted on the charge used as an aggravation.

and Marroquinn) on a single occasion, and counts VI and XI involved the robberies of two other victims (Gonzales and Quintero) in a single occasion. Admittedly, defendant was subject to only two enhancements —one for each pair of robberies. However, the judgment, as ultimately corrected, although reflecting the jury finding that a firearm was used against each victim, actually imposed only the permitted two enhancements. In its final form the judgment was correct as to that matter.

(c) The corrected judgment appears to impose five years as the aggravated upper term on count VI. The Attorney General concedes that, since the offense was committed prior to the effective date of the 1978 amendment of section 213 of the Penal Code, the correct upper term should have been only four years, thus reducing the total sentence of defendant from ten and one-third years to nine and one-third years.

## IV

Defendant's third contention involves a matter not likely to arise on any retrial, and we need not discuss it in the opinion.

The judgment is reversed.

Jefferson (Bernard), J., and Alarcon, J., concurred.

A petition for a rehearing was denied June 8, 1979, and respondent's petition for a hearing by the Supreme Court was denied July 12, 1979. Clark, J., was of the opinion that the petition should be granted.