[Crim. No. 3641. Fifth Dist. Jan. 29, 1980.]

## THE PEOPLE, Plaintiff and Respondent, v.
## RICHARD MORGAN, Defendant and Appellant.

524

COUNSEL

Paul Halvonik and Quin Denvir, State Public Defenders, under appointment by the Court of Appeal, Ezra Hendon, Chief Assistant State

Public Defender, Richard Phillips and Gretchen T. Dumas, Deputy State Public Defenders, for Defendant and Appellant.

Evelle J. Younger and George Deukmejian, Attorneys General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Joel Carey and John A. Gordnier, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BALLANTYNE, J.*—

STATEMENT OF THE CASE

Appellant was found guilty by a jury of violating Vehicle Code section 23102, subdivision (a) (driving under the influence of alcohol or alcohol and drugs); he was also acquitted of violating Penal Code section 12021 (possession of a concealable firearm by a person convicted of a felony). On appeal from the misdemeanor conviction, appellant contends the trial court erred by denying his motion for continuance made on the day of trial. The motion for continuance was coupled with a motion to relieve the public defender so that appellant could represent himself. Although the judge indicated he would allow appellant to proceed *pro se*, appellant contends there was a de facto denial of the right to self-representation, because the refusal to grant a continuance deprived him of the opportunity to prepare his defense. Appellant also contends the denial of a continuance constituted an abuse of discretion and a denial of due process. After the judge refused the continuance, appellant proceeded to trial represented by a deputy public defender. The jury found him guilty of driving under the influence and he was sentenced to 180 days in jail. This timely appeal followed.

STATEMENT OF THE FACTS

On January 9, 1978, a hearing was held before Judge Jack L. Hammerberg on appellant's motion to dismiss the public defender. When asked why he wanted the public defender relieved, appellant gave the

---

*Assigned by the Chairperson of the Judicial Council.

following reasons: "failure to communicate, because of lack of being prepared, lack of investigation." Judge Hammerberg noted there were still two weeks before the scheduled trial date, and he asked the deputy public defender, Mr. Bandy, whether that would be sufficient time for him to prepare appellant's defense. Appellant's counsel indicated there was no reason why he could not be prepared in time for trial, and he also stated that the case was not a difficult one requiring a great deal of communication with appellant. Apparently, appellant's chief concern at the time of this hearing related to a previous proceeding before Judge Goldstein in which appellant attempted to gain access to the county jail law library. Appellant did not know the final disposition of that proceeding, and this had caused him to suspect his counsel was not giving sufficient attention to the matter of law library privileges. Judge Hammerberg determined that the matter should be referred to Judge Goldstein, and that it did not relate to the ability of the public defender to represent appellant properly. He therefore denied appellant's motion to dismiss counsel and referred the proceedings to Judge Goldstein for such action as he deemed proper regarding law library privileges.

The clerk's transcript indicates that appellant returned the same day at 2:40 p.m. and withdrew his motion to dismiss counsel. Although the record does not contain a reporter's transcript of this hearing, comments by Judge Hammerberg at a subsequent hearing establish that appellant equivocated as to whether he wished to represent himself. Appellant told the court he would speak with Lester Gendron, the public defender, and would then advise the court whether he wished to allow that office to represent him or appear in pro. per.

On January 23, 1978, the date scheduled for trial, appellant made another motion to dismiss the public defender. Appellant told the court he had not had a chance to talk to Mr. Gendron, and he said he wanted Gendron to represent him personally; otherwise, he wanted to represent himself. Judge Hammerberg told appellant he would not afford him a continuance to talk with Mr. Gendron. The judge indicated he would grant appellant's motion to dismiss the deputy public defender, and would allow appellant to represent himself; however, the court was unwilling to grant a continuance. Appellant said he could not represent himself without a continuance, because he had been denied the legal materials he needed to prepare a defense. The judge indicated he thought appellant was only trying to delay the proceedings, and stated that appellant would have to proceed to trial right away—either on his

own or represented by the deputy public defender.[1] Appellant went to trial with counsel.

## ISSUE

 *Whether the trial court was required to grant appellant a continuance to provide him with an opportunity to prepare a pro. per. defense.*

## DISCUSSION

Appellant contends the trial court's denial of a continuance amounted to a de facto denial of his Sixth Amendment right to self-representation. Additionally, he contends the court's ruling was an abuse of discretion and a denial of due process. Respondent argues that appellant failed to make a timely unequivocal assertion of the right of self-representation and thereby waived his unconditional right to represent himself. In view of this waiver of the unconditional right, the matter of whether a continuance should be granted was within the discretion of the court. According to respondent, there was no abuse of discretion and no violation of appellant's constitutional rights.

A recent Court of Appeal decision has dealt with contentions similar to those raised by appellant in a factual context similar to that in the present case (*People* v. *Hall* (1978) 87 Cal.App.3d 125 [150 Cal.Rptr. 628]).

The defendant in *Hall*, who had been represented by the public defender, moved to represent himself just as the parties were "about to pick a jury." (*Id.*, at pp. 128, 130.) (The timing of the motion in *Hall*

---

[1]The final exchange between appellant and the trial judge on this point was as follows:

"THE COURT: That is argument. You make up your mind if you want to represent yourself and commence the trial in five minutes. If you do, fine, we will proceed. You make up your mind what you want to do.

"THE DEFENDANT: I want to represent myself. However, I have not got the tools available to do it. Therefore, what can I say, when under Younger versus Gilmore—

"THE COURT: I am not going to argue with you.

"THE DEFENDANT:—I don't have the books, the equipment I need to represent myself.

"THE COURT: I am not going to argue with you. You sit down and the Court is going to continue the trial with Mr. Bandy. Obviously you are trying to disrupt these proceedings."

was the same as in the present case.) The trial court granted Hall's motion for self-representation. (*Id.*, at p. 129.) Hall then moved for a 30-day continuance to allow him to prepare for trial. Following a discussion concerning the lateness of the request and the need for such a lengthy delay, the judge granted Hall a continuance of only 11 days and stated that no further continuances would be granted (*ibid.*). Hall then decided he could not adequately prepare in that length of time so he proceeded to trial represented by the public defender (*ibid.*). Hall contended on appeal that he was deprived of his constitutional right to represent himself because of the trial court's denial of his motion for a 30-day continuance. The appellate court concluded that the denial of a continuance long enough to prepare a defense was effectively a denial of Hall's motion for self-representation (*id.*, at p. 128). Upon reaching that conclusion, the appellate court proceeded to analyze the case from the standpoint of whether the trial court could have denied Hall's motion for self-representation. Since such a denial would have been within the trial court's discretion, Hall's conviction was affirmed.

In the present case, as in *Hall,* it appears that the denial of a continuance amounted to a de facto denial of the motion for self-representation. The case of *People* v. *Cruz* (1978) 83 Cal.App.3d 308 [147 Cal.Rptr. 740], relied on by appellant, holds that a *pro se* defendant must be given a reasonable opportunity to prepare a defense, and the denial of a proper request for a continuance to prepare a defense can constitute an abuse of discretion and a denial of due process (*id.*, at pp. 324-325).[2] However, *Cruz* only takes appellant halfway home. Even if the denial of appellant's motion for continuance did deprive him of sufficient opportunity to prepare a pro. per. defense, appellant must also show that he was entitled to have the motion for self-representation granted in order to prevail under the *Hall* analysis which we adopt here.

We now determine whether the trial court could have exercised its discretion to deny appellant's motion for self-representation. Our state Supreme Court has considered the question of when a defendant must assert his constitutional right of self-representation in order to preserve

---

[2]The defendant in *Cruz* had already been representing himself for about a month when his motion for continuance was denied. Upon denial of the motion, he had to go to trial as a *pro se* defendant without adequate time to prepare. This deprived him of a fair trial. *Cruz* is distinguishable from *Hall* and the case at bench where the motions for continuance were coupled with motions for self-representation, and the defendants abandoned their claim of self-representation when the continuance was denied.

that right as absolute (*People* v. *Windham* (1977) 19 Cal.3d 121 [137 Cal.Rptr. 8, 560 P.2d 1187]). The *Windham* decision held that when a defendant fails to make an unequivocal assertion of his right to self-representation within a reasonable time prior to the commencement of trial, it is thereafter within the sound discretion of the trial court to determine whether the defendant may dismiss counsel and proceed *pro se* (*id.*, at pp. 124, 128). *Windham* held that the constitutional right to self-representation recognized in *Faretta* v. *California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525] is unconditional only if timely asserted. The *Windham* decision was aimed at preventing a defendant from misusing the *Faretta* mandate as a means to unjustifiably delay a scheduled trial or to obstruct the orderly administration of justice (*id.*, at p. 128, fn. 5). When the motion for self-representation is made in close proximity to trial, the motion need not be granted unless there is some showing of reasonable cause for the lateness of the request (*ibid.*). *Windham* imposes an obligation on the trial judge to inquire *sua sponte* into the specific factors underlying the defendant's request for self-representation. ■ Among the factors to be considered are "the quality of counsel's representation of the defendant, the defendant's prior proclivity to substitute counsel, the reasons for the request, the length and stage of the proceedings, and the disruption or delay which might reasonably be expected to follow the granting of such a motion." (*Id.*, at p. 128.) "There must be a showing that the prejudice to the legitimate interests of the defendant overbalances the potential disruption of proceedings already in progress, with considerable weight being given to the trial judge's assessment of this balance." (*United States* v. *Denno* (2d Cir. 1965) 348 F.2d 12, 15, as quoted in *People* v. *Windham, supra,* 19 Cal.3d at p. 126; see also *People* v. *Harris* (1977) 73 Cal.App.3d 76, 81 [140 Cal.Rptr. 697].)

■ Turning to the facts of the present case, appellant did not make an unequivocal assertion of the right to self-representation at either the January 9 or January 23 hearings. At the first hearing appellant stated that he wanted to dismiss the deputy public defender, but did not assert that he wanted to represent himself. The trial judge gave appellant an opportunity to state the reasons why he wanted the deputy public defender relieved; therefore, no *Marsden*[3] error occurred. On the afternoon of January 9 appellant was asked by the trial judge whether he wished to proceed *pro se*; he told the judge he would talk with Public

---

[3]*People* v. *Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44] requires the trial court to ascertain the reasons for a defendant's dissatisfaction with counsel.

Defender Gendron before he decided how he wished to proceed and he then withdrew his motion. Two weeks later at the January 23d hearing, appellant had still not spoken with Public Defender Gendron, and he again expressed his desire to speak with Gendron before choosing how he wished to proceed. Thus, even at the January 23d hearing, there was only an equivocal assertion of the right to self-representation.

Other factors besides the reason for delay to be considered by the trial court in such a motion are the quality of representation being afforded the defendant by counsel, the defendant's prior proclivity to substitute counsel, the reasons for the request, the length and stage of the proceedings, and the disruption or delay which might reasonably be expected to follow the granting of such a motion (*People* v. *Windham, supra,* 19 Cal.3d at p. 128). It appears that the representation afforded appellant by the deputy public defender was of a satisfactory quality. Appellant's chief complaint two weeks before the trial was that the deputy public defender failed to communicate with him and appellant was concerned his attorney might not be prepared. The judge asked appellant's attorney whether he could be prepared, and counsel gave assurances that he could be because the case was not a complicated one. There is no showing that the deputy public defender was incompetent in any respect. In fact, appellant was acquitted of the charge of violating Penal Code section 12021; and convicted only of the charge of driving under the influence, which he actually admitted at trial. Also, 995 and 1538.5 motions were filed, each supported by a substantial memorandum. Thus, it does not appear that the quality of representation afforded appellant was a factor pointing towards the need for dismissing counsel.

As to the defendant's prior proclivity to substitute counsel, he had twice moved to dismiss or substitute the public defender (it is not clear which), but each time his motion was equivocal. The trial court was reasonable in its conclusion that appellant's "waffling" indicated he was not clear what he really wanted to do, and was merely trying to "disrupt" the proceedings.

We find it noteworthy that on January 20th, three days before the trial, the defendant was present with his counsel at the time the Penal Code section 995 and 1538.5 motions were argued and there is no indication in the record that he was displeased with his counsel or that he wished to have counsel discharged or replaced at that time. It was not

until the selection of the jury had commenced that the appellant actually asserted his right of self-representation and made a motion to have his counsel discharged.

During oral argument appellant placed great reliance upon the recent case of *People* v. *Fulton* (1979) 92 Cal.App.3d 972 [155 Cal.Rptr. 327]. While it is true that this case stands for the proposition that once the trial court *grants* the request for self-representation, it must then grant a reasonable continuance for preparation. The court also observed "...that a trial court may *deny* a request for self-representation made on the very eve of trial, on the ground that granting the motion would involve a continuance for preparation,..." (*Id.,* at p. 976.) This is precisely what the trial court did in the present case. Here, the motion was clearly not timely, since it was being made at a time when the jury was to be selected. The court, after allowing appellant to argue his request for self-representation, stated "Obviously you are trying to disrupt these proceedings." The trial court then ordered the appellant to sit down and instructed him that the trial would proceed with Mr. Bandy as defense counsel. This was clearly a denial of appellant's motion to proceed in *pro se.* We find that under these circumstances the ruling was not error and that the trial court was within its discretion in effectively denying appellant's motion for self-representation.

However, because last minute requests for *pro se* status by defendants are becoming more prevelant, we append a strong caveat for trial judges. If, under the guidelines of *People* v. *Windham, supra,* 19 Cal.3d 121, the motion is found to be untimely, this finding of "untimeliness" should be clearly stated in the record and defendant's counsel ordered to remain in charge of the case. If, on the other hand, the trial judge allows the defendant to discharge his counsel and a request for a continuance in order to prepare is made, then it appears a reasonable continuance is mandatory and a failure to grant such continuance would be reversible error. (*People* v. *Fulton, supra,* 92 Cal.App.3d 972.)

The judgment is affirmed.

Hopper, Acting P. J., and Zenovich, J., concurred.