Filed 4/21/22  P. v. Sadhra CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RANA SADHRA,<br><br>    Defendant and Appellant. | C090765<br><br>(Super. Ct. No. MAN-CR-FDV-2019-0002726) |

A jury convicted defendant Rana Sadhra of stalking, vandalism, and contempt of court, and found true a prior prison term enhancement. Defendant appeals the judgment, contending the trial court violated his Sixth Amendment rights by summarily denying his timely motion to represent himself at trial. In the alternative, defendant argues that if his motion was untimely the trial court erred by denying the motion without engaging in analysis of the factors required by *People v. Windham* (1977) 19 Cal.3d 121 (*Windham*). Finding no error, we will affirm the judgment.

1

BACKGROUND

We limit our recitation of the background to the circumstances relevant to the contentions on appeal. In 2019, defendant was charged with stalking, vandalism, and contempt of court in connection with an incident of stalking his ex-wife. In April 2019, defendant requested a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118. After speaking with defendant and his attorney, the trial court denied the motion.

On the day before trial, during a hearing on motions in limine, defense counsel said defendant did not believe the defense was ready to proceed with trial. Defense counsel represented that defendant believed there was additional evidence that needed to be obtained before trial could begin. Such evidence included a video held by the Manteca court branch, surveillance video from Walmart, and surveillance video from nearby retailers. Defense counsel articulated numerous reasons why he did not believe additional evidence could be obtained, including the fact that the Manteca court branch no longer had any such video, and that he did not intend to move for a trial continuance. The trial court stated: "We're not gonna continue the case. It does not sound like there's any meaningful possibility of evidence coming up that would assist either you or the other side here. So the People are ready, your lawyer's ready, so we're going to go forward, okay. So I'm going to go back to the in limines, unless there's a different issue to raise." Neither party indicated further issues, and the trial court proceeded with in limine motions.

The next day, as jury selection was about to begin, defense counsel said defendant wished to make a motion to represent himself, pursuant *Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562] (*Faretta*). The trial court responded: "Well, it's too late, Sir. We're starting the trial right now, okay. We're right on the cusp of it, okay, and so I'd deny that at this time as untimely in the extreme, okay. You had ample time to make that motion, including many prior court dates. And the jury is actually coming up as we speak, so it's too late to do that, Sir. And also, that would frustrate and delay your case,

and you wouldn't be ready to proceed today anyway. You don't have an investigator, you've never mentioned this, to my knowledge, in the past, and Mr. Williams is highly competent. ¶ So while people do have that right, if they make it on a timely fashion. Yours is at the last second, okay, as the jury is taking the elevator up here -- strike that -- down here from the twelfth floor. So I'll note it, but I'd deny it for those reasons."

The jury found defendant guilty of stalking (Pen. Code,[1] § 646.9, subd. (c)), vandalism (§ 594), contempt of court (§ 166, subd. (c)(1), and found true a prior prison term enhancement (§ 667.5, subd. (b)).

## DISCUSSION

Defendant claims the trial court violated his Sixth Amendment rights by denying his timely *Faretta* request. Alternatively, if the request was untimely, he contends the trial court abused its discretion in denying the request without engaging in a *Windham* analysis. The People counter that defendant's request was untimely and the trial court's denial was well within its discretion.

### A

In *Faretta*, the United States Supreme Court declared that a defendant "must be free personally to decide whether in his particular case counsel is to his advantage," even though "he may conduct his own defense ultimately to his own detriment . . . ." (*Faretta*, *supra*, 422 U.S. at p. 834.) Thus, a state may not "constitutionally hale a person into its criminal courts and there force a lawyer upon him, even when he insists that he wants to conduct his own defense." (*Id.* at p. 807.) "The right to self-representation is unconditional when a defendant makes a reasonably timely request (whereas an untimely request is subject to the trial court's discretion based on prescribed factors)." (*People v. Watts* (2009) 173 Cal.App.4th 621, 629.)

---

[1] Undesignated statutory references are to the Penal Code.

"A trial court must grant a defendant's request for self-representation if the defendant unequivocally asserts that right within a reasonable time prior to the commencement of trial." (*People v. Lynch* (2010) 50 Cal.4th 693, 721 (*Lynch*), abrogated on another ground in *People v. McKinnon* (2011) 52 Cal.4th 610, 637-638.) But "the right of self-representation is not absolute." (*Ibid.*) A *Faretta* motion may be denied if untimely. (*Id.* at pp. 721-722) The purpose of the timeliness requirement "is 'to prevent the defendant from misusing the motion to unjustifiably delay trial or obstruct the orderly administration of justice.' " (*Id.* at p. 722.) The timeliness requirement "reflects that 'the government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer.' " (*Ibid.*)

B

Defendant argues his motion was timely because it was made before trial began. A *Faretta* motion is timely if it is made a reasonable time prior to the commencement of trial. (*Lynch, supra*, 50 Cal.4th at p. 721.) Relevant circumstances include whether the trial date is near, whether counsel is ready for trial, whether the defendant had earlier opportunities to request self-representation, whether there are a large number of witnesses and any crucial witnesses are reluctant or unavailable, whether the case is complex, and whether the defendant will need a continuance if the request is granted. (*Id.* at p. 726.) When such a motion is made in close proximity to the start of trial, the motion "need not be granted unless there is some showing of reasonable cause for the lateness of the request." (*People v. Morgan* (1980) 101 Cal.App.3d 523, 529.) A motion is "clearly not timely" when made at the time set for jury selection to begin. (*Id.* at p. 531.)

Here, trial counsel indicated they were ready for trial. The day before trial defendant indicated through counsel that he thought they needed to obtain additional evidence before trial could proceed, thus it was reasonable for the trial court to infer defendant would need a continuance if he were to represent himself. Defendant had multiple prior hearings during which he could have requested self-representation,

4

including his *Marsden* hearing, and during discussions the day prior to trial. Instead, defendant waited until the potential jurors were on their way to the courtroom to make a request for self-representation and did not make a showing of reasonable cause for the lateness of his request. Defendant's motion was not timely.

C

Because the *Faretta* motion was untimely, we consider whether the trial court abused its discretion in denying the motion. In *Windham*, the California Supreme Court held that when a defendant makes an unequivocal but untimely request, "the trial court shall inquire sua sponte into the specific factors underlying the request thereby ensuring a meaningful record in the event that appellate review is later required. Among other factors to be considered by the court in assessing such requests . . . are the quality of counsel's representation of the defendant, the defendant's prior proclivity to substitute counsel, the reasons for the request, the length and stage of the proceedings, and the disruption or delay which might reasonably be expected to follow the granting of such a motion." (*Windham, supra*, 19 Cal.3d at p. 128.) Mere disagreement over trial tactics is "an insufficient reason to grant an untimely *Faretta* request." (*People v. Wilkins* (1990) 225 Cal.App.3d 299, 309, fn. 4,) "[W]hile [a] trial court may not have explicitly considered each of the *Windham* factors, there [may be] sufficient reasons on the record to constitute an implicit consideration of these factors." (*People v. Scott* (2001) 91 Cal.App.4th 1197, 1206.)

Here, defendant had previously filed a *Marsden* motion which the court denied, demonstrating defendant's concern with his counsel. (See *People v. Barnett* (1998) 17 Cal.4th 1044, 1106.) The trial court had already considered the quality of counsel's representation. Based on defendant's complaints about his attorney, a continuance would have been a practical necessity to allow defendant to "remedy the alleged shortcomings of counsel's prepared defense." (*People v. Ruiz* (1983) 142 Cal.App.3d

5

780, 791.) Defense counsel indicated he was ready to proceed with jury selection and trial. On this record, there was no abuse of discretion.

DISPOSITION

The judgment is affirmed.

/S/
_____
MAURO, J.

We concur:


/S/
_____
ROBIE, Acting P. J.


/S/
_____
DUARTE, J.

6