[Crim. No. 6030.   First Dist., Div. Two.   Mar. 21, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. ISMIL ALVAREZ MENDEZ, Defendant and Appellant.

Sanford Berliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci, Timothy A. Reardon and Joyce Nedde, Deputy Attorneys General, for Plaintiff and Respondent.

TAYLOR, J.—On this appeal from a judgment rendered on a jury verdict finding him guilty of two counts of first degree robbery, defendant contends that he was deprived of his right to a reasonable continuance for the purpose of preparing his defense; that the court should have denied his request to represent himself; and that the evidence was insufficient to support the judgment on the second count. As we have concluded that the continuance should have been granted and that its denial in the instant case requires the judgment to be reversed, we will set forth the relevant facts related to this issue alone.

At the time of his arraignment on December 31, 1965, defendant was represented by the public defender and indicated that he was not happy with this representation. At the time of his plea on January 7, 1966, and thereafter, he continued to be represented by the public defender who obtained a number of continuances, chiefly because of defendant's medical treatments. On July 13, 1966, the court ordered the case placed in a trailing position on the calendar. On Thursday, July 14, 1966, the information was read and defendant admitted all four of his prior convictions. Thereafter, the names of the prospective jurors were drawn. When defendant indicated that he wished to make a motion to dismiss the public defender, the court stated that it would hear the matter after the jury had been selected.

Thereafter, the court and counsel convened in chambers to hear defendant's motion. Defendant moved to dismiss the public defender, and the trial court conducted a careful and thorough hearing concerning defendant's wish to represent himself, and his understanding of the charges. After cautioning defendant that it would be better for him to have counsel, the court asked what he planned to do if the court were to grant the request to dismiss the public defender. Defendant indicated he would like to have a court-appointed attorney. The court replied that he was entitled only to the benefit of the public defender's office and reluctantly granted permission for defendant to proceed in propria persona. Thereafter,

defendant asked for a continuance of two weeks to prepare his defense and gather his witnesses. The court denied this motion because of defendant's admission that he had entertained thoughts of representing himself for some time.

The court indicated that the matter would proceed to trial. Defendant then asked if he could have the public defender as an advisor. The public defender stated that he would not accept an appointment in an advisory capacity. The court, after again indicating that it felt defendant was making a serious mistake in dismissing the public defender, indicated that if, after sufficient reflection defendant still insisted on representing himself, the court would only proceed with the selection of the jury on that day and then put the case over until the following Monday. This gave defendant only three days to prepare his case and he was to be confined in the county jail during the three-day period. Then, the court reconvened in the presence of the prospective jurors and the jury was empaneled. After the selection of the jury, the matter was adjourned at 4:05 in the afternoon until 10 a.m. on Monday, July 18.

On Friday, July 15, defendant, the district attorney and two public defenders again met with the court in order to review defendant's decision to represent himself.[1] The court concluded that defendant was capable of representing himself and that it would permit him to do so but again indicated that it thought defendant was making a mistake. The court asked defendant whether he needed any assistance from the court in obtaining his witnesses. Defendant indicated he simply needed the subpoenas. The court then pointed out that since defendant was in jail, there were some practical problems that could be avoided if he had an attorney. Defendant again indicated he did not wish the public defender.

When the court reconvened the following Monday, July 18, defendant indicated to the court the names and addresses of

[1]Defendant again requested an attorney other than the public defender's office. The court again explained that this was not possible and then examined defendant to ascertain whether or not he understood the nature of the charge that had been made against him, the elements of the offense and the possible punishment. Defendant indicated that he understood and with that understanding was still willing to represent himself. The court then indicated that it would not appoint an advisor but was going to ask the public defender to sit in the courtroom during the course of trial so that if at any time defendant changed his mind, or the court felt he was in need of more adequate representation, the public defender would be asked to do so. Defendant again indicated he felt he could represent himself in this matter. The court then ascertained that he had never represented himself and had a seventh grade education.

the witnesses that he desired. He also complained to the court that during his incarceration in the county jail over the weekend, he had difficulty communicating with his witnesses and had been prevented from using the telephone and a typewriter. After a deputy indicated that under the rules of the county jail defendant would not be allowed to use the telephone without a court order, the court ordered that defendant be allowed to use the telephone and otherwise prepare himself during the course of the trial. This order was communicated by the chief deputy to the other deputies.[2]

The question of whether, under the above facts, defendant was properly given a reasonable time for the purpose of preparing for trial, was recently answered by our Supreme Court in *People* v. *Maddox,* 67 Cal.2d 647 [63 Cal.Rptr. 371, 433 P.2d 163] (decided November 9, 1967). It was there held that pursuant to section 1049 of the Penal Code, a defendant, after his plea and on timely request, is entitled to a continuance of at least five days to prepare for trial. In *Maddox,* the defendant moved on January 14, 1965, to represent himself. The motion was denied and he entered a not guilty plea. Subsequently, on March 2, 1965, his petition for a writ of mandate to compel observance of his right to represent himself was denied. On March 28, 1965, when the case was called for trial, at the outset of the proceedings, the public defender renewed his motion to be relieved for the purpose of allowing the defendant to represent himself. The defendant explained to the court that the public defender had not subpoenaed a number of witnesses whom he desired to call. The court then indicated that if the defendant insisted on representing himself at the trial, it could not stop him from doing so, and ordered the public defender relieved of duty.

Immediately thereafter, when the court directed the empaneling of the jury, the defendant protested, indicating that since he was to represent himself, he needed adequate time and requested 60 days. The motion was denied. The court indicated that the defendant had previously had adequate opportunities and that the other side was prepared to proceed that morning. During the selection of the jury, the defendant again asked the court to stop and permit him time to obtain his witnesses. The court noted the names and addresses of

[2]At the proceedings on the motion for a new trial where he was again represented by the public defender, defendant, for the first time, testified in greater detail concerning the problems he had preparing for his trial during the weekend, including his removal to the drunk tank and isolation wards.

several witnesses mentioned by the defendant but did not grant a continuance. The taking of testimony began after the noon recess and the People's case was concluded the same day. The following morning, the defendant was able to put on the stand only a single witness.

The Supreme Court, at page 651, indicated that a defendant in a criminal action has the constitutional right to waive counsel and represent himself if he knowingly and intelligently elects to do so. The court, reviewing its recent decisions on the matter, pointed out that a reasonable opportunity to prepare for trial is as fundamental as is the right of counsel. It then referred to section 1049 of the Penal Code, which provides: "After his plea, the defendant is entitled to at least five days to prepare for trial." It was held that a violation of this statute is not a procedural deficiency but "an error of constitutional dimensions" (p. 653), and that these principles are applicable to a defendant who competently elects to serve as his own attorney. It was emphasized that such a defendant must be given, if he requests it, as much time to prepare his trial as an attorney and if a reasonable continuance is necessary for this purpose, it must be granted upon timely request. Justice Mosk concluded that to deny the defendant this opportunity would be to render his right to appear in propria persona an empty formality and, in effect, a denial of the right to counsel.

In the instant case, the trial judge granted only three days to defendant for the preparation of his case. Two of the three days granted were over a weekend, a time when people are ordinarily not available or are more difficult to contact than during the week. The difficulty was further compounded by the fact that defendant was confined to the county jail and not permitted to make use of the telephone. We hold that here, as in *Maddox,* the trial court's denial of at least the five-day statutory period provided by section 1049 of the Penal Code, requires a reversal.

The device of claiming the right to appear in propria persona for the purpose merely of delaying the trial should not be condoned (see e.g., *People* v. *Duncan* (1959) 175 Cal.App. 2d 372, 381-382 [346 P.2d 521]) but there is neither allegation nor evidence of such abuse here. We are mindful of the legislative policy in favor of prompt disposition of criminal cases and against unnecessary continuances (Pen. Code, § 1050) but, though commendable, this policy cannot transcend any of the basic elements of due process of law. As

noted in *People* v. *Crovedi* (1966) 65 Cal.2d 199, 209 [53 Cal.Rptr. 284, 417 P.2d 868], "We do not demand prescience of trial courts faced with decisions involving the right of representation by counsel—but we must require of them a resourceful diligence directed toward the protection of that right to the fullest extent consistent with effective judicial administration."

In view of our conclusion above, it is unnecessary for us to discuss defendant's other contentions on appeal *concerning his competency to represent himself* and the sufficiency of the evidence on the second count. ■ However, we do caution that, in granting the right of self-representation, the trial court, in accepting a waiver, should clearly establish that the particular defendant, with his unique educational or other deficiencies, truly understands the nature of the charge, the elements of the offense, the pleas and defenses that may be available, and the punishment that may be exacted (*People* v. *Kemp,* 55 Cal.2d 458, 463 [11 Cal.Rptr. 361, 359 P.2d 913]).

The judgment is reversed.

Shoemaker, P. J., and Agee, J., concurred.