[No. B037944. Second Dist., Div. Seven. Nov. 16, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
DANIEL DREWLEN WILKINS, Defendant and Appellant.

**COUNSEL**

Hebe Barrera, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Edward T. Fogel, Jr., Assistant Attorney General, Richard L. Walker and William V. Ballough, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**JOHNSON, J.**—Appellant, Daniel Drewlen Wilkins, appeals from a judgment of conviction after a jury trial for possession of cocaine base for sale. Appellant makes numerous contentions on appeal, one of which is he was deprived of his right to a reasonable continuance for the purpose of preparing his defense. We agree a continuance should have been granted and that its denial requires the judgment to be reversed.

### FACTS AND PROCEEDINGS BELOW

Because we only address appellant's primary contention, we will set forth the relevant facts related to this issue alone.

The information filed June 24, 1988, charged appellant with one count of possession for sale of cocaine base in violation of Health and Safety Code section 11351.5. It further alleged a prior conviction on or about February 24, 1988, of the same offense within the meaning of Health and Safety Code section 11370.2. At the arraignment a deputy public defender was

appointed to represent appellant. After appellant entered a plea of not guilty, a pretrial conference was set for July 8, 1988, and trial for August 5, 1988.

At the hearing on July 8, 1988, the pretrial conference was taken off calendar in defendant's absence as he was still in lockup. A bail reduction hearing set for July 29, 1988, was also taken off calendar because appellant, who was in custody, could not be located.

On August 5, 1988, the date scheduled for trial, counsel advised the court appellant wished to represent himself in propria persona. The trial court counselled appellant against representing himself but then without holding a further hearing of any sort granted appellant's request for in propria persona status. The court advised appellant there would be no continuance.[1] Trial was trailed until August 9, 1988.

Because of a defaulting prosecution witness, the court again trailed the trial until August 10, 1988. At the trial on August 10, 1988, appellant filed a

---

[1] The salient parts of the colloquy are as follows:

"THE COURT: Mr. Wilkins, your attorney has advised the court that he is prepared to take the case to trial—it is here set for trial this date—but that you are requesting that you be allowed to represent yourself in propria persona; is that correct?

"THE DEFENDANT: Yes, I want pro per status.

"THE COURT: All right. [¶] You have a right to represent yourself in pro per, Mr. Wilkins, but I do want to indicate to you that although if you insist upon that right—first of all, before the court can grant it to you I have to be sure that you understand what you are doing, as far as possible.

. . . . . . . . . . . . . . . . . .

"If you are granted pro per status, the case is going to go to trial, either today, or within the very next few days, but it will not be a basis for continuing the case.

"Do you understand that, sir?

"THE DEFENDANT: You say I can't ask—I couldn't waive time or ask for a continuance?

"THE COURT: No, sir. [¶] The case is here for trial. Both sides are ready to proceed. [¶] If you want to represent yourself, you can represent yourself, but you've just got to walk in cold. 60 days, I don't think, is going to help you prepare that much more anyway. Most pro pers usually don't know what they are doing. And I'm sure you would fall into that category. So, whether or not you might be able to prepare your case with additional time, the simple fact remains is you won't have any. If you want to represent yourself, you've got to go into it cold.

"THE DEFENDANT: Will I have a legal runner and a pro per package?

"THE COURT: For whatever good it does you. You are going to be in trial.

"THE DEFENDANT: No problem. I understand that.

. . . . . . . . . . . . . . . . . .

"THE COURT: Very well. [¶] The public defender's office is relieved as counsel of record. [¶] This case will trail for trial August 9th, 9:00 A.M., this department. [¶] A jury panel will be ordered up for that date.

"THE DEFENDANT: Will I get a continuance?

"THE COURT: No sir. We will have a jury panel on Tuesday.

"THE DEFENDANT: Why can't we have a continuance?

"THE COURT: No, sir, that's what we started off telling you."

notice of motion to continue stating he needed time to prepare his defense and that his in propria persona privileges had not yet been implemented.[2] Appellant's motion to continue was denied.

By the end of the day, the People rested their case. Appellant again moved for a continuance and requested daily transcripts. These motions were denied. On August 11, 1988, appellant rested without testifying or presenting an affirmative defense.

While the jury deliberated, appellant's motion for a mistrial, based primarily on insufficient time to prepare a defense, was argued and denied.

On August 17, 1988, after the trial concluded, appellant's in propria persona privileges went into effect. On September 12, 1988, appellant's motion for new trial was also argued and denied.

Judgment was filed on September 23, 1988. Appellant filed his notice of appeal September 22, 1988, which we treat as an appeal from the judgment. (Cal. Rules of Court, rule 2(c).)

## Discussion

### I. Appellant Was Denied His Right to Counsel and to Due Process by the Court's Failure to Grant a Continuance to Prepare a Defense.

The United States Supreme Court in *Faretta* v. *California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525] recognized a defendant's right to self-representation. ■ This right is only unconditional, however, when a defendant makes an unequivocal assertion of that right within a reasonable time prior to trial. (*People* v. *Windham* (1977) 19 Cal.3d 121 [137 Cal.Rptr. 8, 560 P.2d 1187], cert. den., 434 U.S. 848 [54 L.Ed.2d 116, 98 S.Ct. 157].) When a request to proceed in propria persona is made on the eve of trial and is therefore untimely, the grant or denial of that request is within the sound discretion of the trial court after it has inquired sua sponte into the specific factors underlying the request. (*Id.* at p. 128.) When this inquiry

---

[2] "THE COURT: As I indicated to you, when you first requested pro per status, you may have pro per status, but this does not mean that you can have a continuance. [¶] I also indicated to you there was no possible way that you could adequately take over the case for trial without time to prepare. [¶] I indicated to you that granting you pro per status was a useless act, because you wouldn't have your runner, you wouldn't have your witnesses and your investigator, if the trial were about to start.

. . . . . . . . . . . . . . . . . . .

"THE DEFENDANT: I object to that. [¶] I kept stressing, and addressing to the court that I wasn't ready, and I needed more time. You are saying I'm ready."

reveals the defendant has no reasonable cause for requesting self-representation at this late juncture, it is not considered an abuse of discretion to deny the request. (*Ibid.*)

On the other hand, when the court in its discretion determines to *grant* the defendant's motion to proceed in propria persona in close proximity to trial, it has been held an abuse of discretion and a denial of due process to deny a request for a reasonable continuance to allow the in propria persona defendant to prepare a defense. (*People* v. *Maddox* (1967) 67 Cal.2d 647 [63 Cal.Rptr. 371, 433 P.2d 163]; *People* v. *Moss* (1967) 253 Cal.App.2d 248 [61 Cal.Rptr. 107]; *People* v. *Mendez* (1968) 260 Cal.App.2d 302 [67 Cal.Rptr. 31]; *People* v. *Cruz* (1978) 83 Cal.App.3d 308 [147 Cal.Rptr. 740]; *People* v. *Fulton* (1979) 92 Cal.App.3d 972 [155 Cal.Rptr. 327]; *People* v. *Morgan* (1980) 101 Cal.App.3d 523 [161 Cal.Rptr. 664]; *People* v. *Hill* (1983) 148 Cal.App.3d 744 [196 Cal.Rptr. 382]; see also *People* v. *Bigelow* (1984) 37 Cal.3d 731, 741, fn. 3 [209 Cal.Rptr. 328, 691 P.2d 994, 64 A.L.R.4th 723].)

In *People* v. *Maddox, supra,* 67 Cal.2d 647, the California Supreme Court reversed a judgment of conviction because the trial court failed to grant a continuance to allow a defendant to prepare his defense after being granted in propria persona status. Because this case is factually similar to, and dispositive of the primary issue in this case, we discuss it at length.

The defendant, through a public defender, moved to represent himself in propria persona on January 14, 1966. The motion was denied and the defendant pleaded not guilty. The defendant sought a writ of mandate to secure the right to represent himself but the petition was denied. On March 28, 1966, the case was called for trial and the public defender renewed his motion to be relieved to allow the defendant to proceed in propria persona. The court granted defendant's request even though the defendant told the court he was not ready for trial, needed to subpoena witnesses and needed to go to the law library. The court ordered the public defender relieved and the immediate impanelling of the jury. The defendant later moved to dismiss partially on the grounds he was denied any time at all to prepare a defense.

The court acknowledged the determination of whether in a given case a continuance should be granted normally rests in the discretion of the trial court, but stated "that discretion may not be exercised in such a manner as to deprive the defendant of a reasonable opportunity to prepare his defense. 'That counsel for a defendant has a right to reasonable opportunity to prepare for a trial is as fundamental as is the right to counsel.' [¶] The rationale, of course, is that a counsel who has been denied the opportunity to prepare is the equivalent of no counsel at all . . . ." (67 Cal.2d at p. 652.)

"In short, just as a defendant may not be brought to trial too late [citations], he may also not be brought to trial too soon, i.e., without adequate opportunity for preparation of his defense. [Citations.] Implementing this rule, the Legislature has provided that 'After his plea, the defendant is entitled to at least five days to prepare for trial.' (Pen. Code, § 1049.) A violation of this statute is not just a procedural deficiency, but an error of constitutional dimensions: 'forcing petitioner to trial in less than the minimum time provided by statute to prepare a defense, despite requests for a continuance, resulted in a denial of due process of law.' (*In re Newbern* (1960) 53 Cal.2d 786, 791 [3 Cal.Rptr. 364, 350 P.2d 116].)

"These principles are equally applicable to a defendant who competently elects to serve as his own attorney. It is true that such a defendant 'is not entitled either to privileges and indulgences not accorded attorneys or to privileges and indulgences not accorded defendants who are represented by counsel.' [Citation.] But neither is he entitled to *less* consideration than such persons. In particular he must be given, if he requires it, as much time to prepare for trial as an attorney; and if a reasonable continuance is necessary for this purpose, it must be granted upon timely request. To deny him that opportunity would be to render his right to appear in propria persona an empty formality, and in effect deny him the right to counsel." (67 Cal.2d at pp. 652-653.) (Italics in original.)

The People contended defendant would have been prepared if he had cooperated with counsel who had been representing him for over two and a half months prior to trial. The court found, however, after the first meeting between counsel and client it was defendant's position he wanted to represent himself and they rarely discussed legal issues thereafter. Thus the court stated "It follows that after the first interview defendant was not 'represented by' [counsel] in any meaningful sense, and cannot be deemed to have prepared himself for trial by reason of that relationship. Nor can it be said that defendant nevertheless 'should have' cooperated with [counsel] during the pretrial period, for to do so would be inconsistent with our determination that he was entitled to assert his right to represent himself." (67 Cal.2d at p. 654.)

█ Appellant asserts from the date of his arraignment he and the public defender were in disagreement about defense tactics. He told the court from the moment of his arraignment on he had determined to proceed in propria persona.[3] As in *Maddox*, appellant was not represented by counsel in any

---

[3] "THE DEFENDANT: Conflict began at superior arraignment when I asked . . . counsel to file motions for pretrial and he replied, 'under what grounds?' [¶] So, from that point on I wanted to go pro per. [¶] But he told me I was making a big mistake. And when I, the

meaningful sense and cannot be deemed to be prepared by reason of that relationship.

Because appellant was not brought into the courtroom for either of the pretrial hearings, he was unable to make his in propria persona motion at any time earlier than August 5, 1988, the date set for trial. This was also appellant's first opportunity to request a continuance to prepare a defense. Thus, the request for a continuance must be considered timely. Nevertheless, all requests for continuances were denied as were appellant's opportunities to prepare a defense and receive a fair trial.

Similarly, in *People* v. *Hill, supra*, 148 Cal.App.3d 744 the defendant was represented by the public defender's office and pleaded not guilty on October 13, 1981. After waiving time and changing attorneys three times, the trial was set for February 16, 1982.

On February 10, 1982, defendant again requested new counsel claiming a lack of confidence in present counsel—or in the alternative—the right to represent himself. On February 11, 1982, the court granted defendant's in propria persona request but would not give the defendant a continuance even though he indicated he would not be ready in time.

On February 16, 1982, the court again denied the defendant's request for a continuance. When the case came for trial the next day, the defendant withdrew his *Faretta* request saying he was unprepared to argue his own case. Counsel familiar with the case was reappointed and the trial was continued for five days.

The defendant then renewed his *Faretta* motion which was granted with appointed counsel as advisory counsel.

The next day the court reconvened for selection of a jury. The defendant again expressed concerns about his decision to represent himself and again requested appointment of counsel. Counsel was also unprepared to proceed immediately. Unwilling to delay any further, the court denied the defendant's motion for reinstatement of counsel.

The appellate court reversed the ensuing judgment of conviction stating, "regardless of whether the grant of the *Faretta* motion was mandatory or

---

accused, returned July 9th, he never filed any motions, or granted me access to the courtroom, which was in violation of my sixth amendment and the fourteenth amendment.

"THE COURT: You are saying from that point on you were pro per?

"THE DEFENDANT: I wanted to go pro per, but he wouldn't grant me access to the courtroom."

discretionary, once the court granted that motion, it was obliged also to grant appellant's request for a continuance. 'While it is now settled that a trial court may *deny* a request for self-representation made on the very eve of trial, on the ground that granting the motion would involve a continuance for preparation, the very rationale of that doctrine requires that, if the trial court, in its discretion, determines to *grant* the request for self-representation it must then grant a reasonable continuance for preparation by the defendant. (See *People* v. *Cruz* (1978) 83 Cal.App.3d 308, 322-326 [147 Cal.Rptr. 740].) The fact that defendant's prior counsel had announced ready for trial . . . does not show that defendant personally was ready to assume the burden of trying the case. Nor does [the] fact that that counsel was to be 'advisory' to defendant show that defendant did not need a reasonable time to prepare himself to seek or receive advice.' (*People* v. *Fulton* (1979) 92 Cal.App.3d 972, 976 [155 Cal.Rptr. 327]; [italics in original].) *People* v. *Morgan* (1980) 101 Cal.App.3d 523 [161 Cal.Rptr. 664], echoes *Fulton*'s holding that, while the disposition of an untimely pro. per. motion is discretionary, the disposition of a request for continuance following the grant of such a motion is not: 'If, on the other hand, the trial judge allows the defendant to discharge his counsel and a request for a continuance in order to prepare is made, then it appears a reasonable continuance is mandatory and a failure to grant such continuance would be reversible error. [Citation.]' " (148 Cal.App.3d at p. 757.)

On August 5, 1988, the date initially set for trial, and the first time appellant was in court after his arraignment, appellant requested to represent himself in propria persona. On that date appellant requested time in which to prepare a defense. During the trial appellant regularly asserted he was unprepared, had not yet received in propria persona privileges and needed access to legal materials. All appellant's requests for a continuance to prepare were denied.

The People do not dispute an in propria persona defendant's timely motion for a reasonable continuance should be granted when necessary to prepare a defense or that the foregoing authorities control this case. Instead they contend appellant waived his right to a continuance. They contend appellant was given the choice of proceeding with counsel or of proceeding in propria persona without a continuance and because he opted for the latter, he effectively waived his right to a continuance to prepare.

This argument must be rejected. One cannot properly be forced to give up one constitutionally protected right (right to due process) in favor of another (right to counsel). (*Simmons* v. *United States* (1968) 390 U.S. 377, 394 [19 L.Ed.2d 1247, 1259, 88 S.Ct. 967] ["In these circumstances, we find it intolerable that one constitutional right should have to be surrendered in

order to assert another."]; *People* v. *Coleman* (1975) 13 Cal.3d 867 [120 Cal.Rptr. 384, 533 P.2d 1024].)

Accordingly, the denial of this in propria persona defendant's motion for a continuance to prepare a defense is prejudicial per se and requires reversal. (*People* v. *Maddox, supra,* 67 Cal.2d 647, 653; *People* v. *Hill, supra,* 148 Cal.App.3d 744, 758; *People* v. *Morgan, supra,* 101 Cal.App.3d 523, 531; *People* v. *Fulton, supra,* 92 Cal.App.3d 972, 976; *People* v. *Mendez, supra,* 260 Cal.App.2d 302, 306; *People* v. *Moss, supra,* 253 Cal.App.2d 248, 253.)

## II. APPELLANT WAS DENIED THE STATUTORY RIGHT TO AT LEAST FIVE DAYS TO PREPARE A DEFENSE.

■ As in *Maddox, supra,* 67 Cal.2d 647, appellant also asserts he was denied even the minimum number of days to prepare under Penal Code section 1049. This is an independent ground for this appeal. While not essential to our judgment given this court's resolution of the constitutional due process issue discussed above, we note this second contention has merit as well.

Code of Civil Procedure section 12 provides: "The time in which any act provided by law is to be done is computed by excluding the first day, and including the last . . . ." Accordingly, the first day, August 5, 1988, is excluded, and the last day, August 9, 1988, the date set for trial, is included—giving appellant a total of four days in which to prepare a defense. The trial again trailed to August 10, 1988, but that day cannot be included in the five-day computation as it was not a day in which appellant was free to concentrate on preparing a defense.

Indeed, in *People* v. *Cruz, supra,* 83 Cal.App.3d 308, the court refused to consider the time the trial trailed as days the in propria persona defendant spent preparing his defense because the "defendant, acting as his own attorney, was required to remain in court so as to be ready if the case was called." (*Id.* at p. 322.)

In *Cruz,* the defendant was granted in propria persona privileges and was in custody from the time of his arrest until four days prior to the date set for trial. The trial date was set for November 23, 1976, but trailed until November 29, 1976. During this time the defendant requested continuances but they were denied.

The appellate court reversed the resulting conviction in part because the defendant was denied sufficient time in which to prepare a defense. The court noted, even *though the defendant received in propria persona privi-*

leges and even though the defendant was not confined while preparing his defense, he was seriously "hampered by the fact that he had to spend a great portion of the daytime hours trailing his own case." (83 Cal.App.3d at p. 325.)

In this case the defendant was granted in propria persona in propria persona status on August 5, 1988, the date set for trial. The trial trailed to August 9, 1988, and then to August 10, 1988. Appellant's in propria persona privileges did not go into effect until August 17, 1988, i.e., a date *after* the trial was over. Appellant was essentially asked to prepare a defense out of thin air—without access to the law library, without access to telephones, without a legal runner and without being able to subpoena witnesses. Without any of the necessary tools he was told to be ready for trial in four days.

As a result, appellant was denied any means to prepare a defense, he was denied a continuance even for the short period of time it would take to receive in propria persona privileges, and he was denied even the statutorily required minimum of *"at least five days* to prepare for trial." (Pen. Code, § 1049.) (Italics added.) In short, it was a practical impossibility for appellant to prepare a defense and for this reason the judgment must be reversed.[4]

Appellant's other contentions need not be discussed as they are either without merit or are unlikely to come up again on retrial.

### DISPOSITION

The judgment of conviction is reversed.

Lillie, P. J., and Woods (Fred), J., concurred.

---

[4] This case is an unfortunate example of the problems that arise when a trial court fails to make the proper sua sponte inquiry after an untimely *Faretta* request as mandated by *Windham, supra*, 19 Cal.3d 121. Had this court inquired, it would have discovered: either appellant had a genuine conflict with the public defender—in which case a inquiry of the sort mandated by *People* v. *Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44], would have been appropriate, or appellant merely disagreed with counsel's trial tactics—an insufficient reason to grant an untimely *Faretta* request. In any event, had there been a proper inquiry, the trial court would have been in a better position to intelligently exercise its discretion.