51 F.3d 284
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel Drewlen WILKINS, Petitioner-Appellant,
v.
Michael A. COWELL, et al., Respondents-Appellees.
 No. 94-55186.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided April 4, 1995.
 
 Before: SNEED, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel Drewlen Wilkins, a California state prisoner, appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his 42 U.S.C. Sec. 1983 civil rights action against Michael A. Cowell and James Kimmel. Wilkins alleged that Cowell, a superior court judge, violated Wilkins's due process rights and right to counsel by denying Wilkins a continuance at his criminal trial. Wilkins also alleged that Kimmel, a deputy district attorney, violated Wilkins's rights by prosecuting Wilkins despite Cowell's failure to grant Wilkins a fair trial.[1] We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 A. Cowell
 
 3
 Wilkins contends that the district court erred by dismissing his claim for damages against Cowell pursuant to Fed.R.Civ.P. 12(b)(6) because Cowell is not entitled to absolute judicial immunity. This contention lacks merit.
 
 
 4
 We review de novo the district court's Fed.R.Civ.P. 12(b)(6) dismissal. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). Review is based on the contents of the complaint. Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.1992), cert. denied, 113 S.Ct. 599 (1992). "A complaint should not be dismissed under Rule 12(b)(6) 'unless it appears beyond doubt that plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.' " Id. (quoting Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989).
 
 
 5
 It is well-settled that judges are absolutely immune from liability for damages under section 1983 for acts performed in a judicial capacity. See Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.' " Id. (quoting Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)). A judge lacks immunity only where he acts in the clear absence of all jurisdiction or where he performs an act that is not judicial in nature. Id.
 
 
 6
 Here, Wilkins alleged in his first amended complaint that Cowell violated his due process rights and right to counsel by denying Wilkins a continuance before his criminal trial. Because Wilkins's allegations involved acts that were within the scope of Cowell's judicial duties, Cowell was entitled to absolute judicial immunity. See id. Accordingly, the district court did not err by dismissing Wilkins's claim against Cowell.[2] Id.
 
 B. Kimmel
 
 7
 Wilkins contends that the district court erred by dismissing his claim for damages against Kimmel pursuant to Fed.R.Civ.P. 12(b)(6) because Kimmel is not entitled to absolute prosecutorial immunity. This contention lacks merit.
 
 
 8
 Prosecutors are entitled to absolute immunity from damages for section 1983 claims. See Imbler v. Pachtman, 424 U.S. 409, 427 (1976); Ashelman, 793 F.2d at 1075. "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.' " Ashelman, 793 F.2d at 1075 (quoting Imbler, 424 U.S. at 427).
 
 
 9
 Here, Wilkins alleged that Kimmel violated Wilkins's rights by prosecuting Wilkins despite Cowell's denial of Wilkins's request for a continuance. Because Wilkins's allegations involved acts that were within the scope of Kimmel's prosecutorial duties, Kimmel was entitled to absolute immunity.[3] See Imbler, 424 U.S. at 427; Ashelman, 793 F.2d at 1075. Accordingly, the district court did not err by dismissing Wilkins's claim against Kimmel.[4] See Imbler, 424 U.S. at 427; Ashelman, 793 F.2d at 1075.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Wilkins's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wilkins is currently incarcerated for first degree murder. Prior to that conviction, Wilkins was convicted on narcotics charges, which was overturned by the Court of Appeals for the State of California. See People v. Wilkins, 225 Cal.App.3d 299 (1990). Because the narcotics trial is the basis of Wilkins's action, his claims are cognizable under section 1983. See Trimble v. City of Santa Rosa, No. 94-15567, slip. op. 2645, 2648 (9th Cir. March 9, 1995) (citing Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994))
 
 
 [2]
 The district court properly dismissed Wilkins's first amended complaint without leave to amend because it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987)
 
 
 [3]
 To the extent that Wilkins contends that the district court erred by dismissing his supplemental state claims, we reject this contention. See 28 U.S.C. Sec. 1367(c)(3); O'Connor v. State of Nevada, 27 F.2d 357, 362 (9th Cir.1994)
 
 
 [4]
 Defendants seek attorney's fees on appeal pursuant to 42 U.S.C. Sec. 1988 and Fed.R.App.P. 38. We conclude that attorney's fees are not appropriate, and we decline to award them. See Hughes v. Rowe, 449 U.S. 5, 15 (1980) (courts should rarely impose attorney's fees upon incarcerated pro se litigants)