Filed 6/25/13  P. v. Nichols CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ERIC LAVELLE NICHOLS,<br><br>    Defendant and Appellant. | F063374<br><br>(Super. Ct. No. BF132222A)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  John R. Brownlee, Judge.

Carol A. Navone, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and J. Robert Jibson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Defendant appeals his conviction of evading a police officer, contending he was improperly denied a continuance to prepare for trial after his motion to represent himself was granted. He argues the failure to grant a continuance violated his right to due process of law. We disagree and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

At about 11:30 p.m., a California Highway Patrol (CHP) officer in a marked patrol car observed a black SUV speeding down a city street. He saw only one occupant in the SUV, and had the impression it was a man. The officer followed the SUV, which continued at high speed even after the officer turned on the patrol vehicle's red lights and siren. The SUV went through the parking lot of an apartment complex, then back out onto the street, where it ran a stop sign and a red traffic light. The officer lost sight of the vehicle for a few seconds when it went around a corner; when he turned the same corner, he spotted the disabled SUV where it had crashed into the curb and the wheel had buckled under. The driver's door was open, but there was no one inside and the CHP officer saw no one in the vicinity. Inside the SUV, the officer found a cell phone displaying defendant's first name and a digital camera containing pictures of defendant and the SUV. About the same time, residents in the area were on their front porch when defendant came from the side of the house and seated himself on a chair on the porch. The residents called the police over and they arrested defendant.

Defendant was charged with one felony count of evading a peace officer by driving in willful or wanton disregard for the safety of persons or property, in violation of Vehicle Code section 2800.2. Defendant pled not guilty, and trial was set for August 9, 2010. On the trial date, defendant indicated he intended to call as a witness Lajena Bolton, who would take responsibility for driving the vehicle on the night in issue. The court appointed counsel to advise her and Bolton chose to invoke her Fifth Amendment right against self-incrimination. While the court was still hearing motions in limine, it

2

granted a continuance because of a dispute about production of recordings of phone calls defendant made to Bolton while he was in jail, which defendant asserted contained exculpatory information.

On September 23, 2010, the trial court granted defendant's motion for appointment of a new attorney to represent him. (*Marsden*[1] motion.) The trial was continued twice, and then trailed to March 21, 2011. On that date, the trial court denied defense counsel's motion to withdraw as counsel based on an asserted conflict of interest. On March 23, 2011, defendant made another *Marsden* motion, which the trial court denied. On March 24, 2011, after defense counsel indicated he was withdrawing a motion in limine to be permitted to present Bolton's statements through the testimony of a defense investigator because Bolton was unavailable as a witness, defendant asserted he wished to make a motion to represent himself at trial. (*Faretta*[2] motion.) Defendant assured the court that he was ready to proceed with trial that day. The trial court explained the hazards of self-representation and warned that defendant would not be allowed to change his mind and obtain a continuance to obtain an attorney in the middle of trial.

Later, when the trial court asked what witnesses defendant would present and explained they would need to be ready when the prosecution rested, defendant protested that he "just got this case today." The court reminded defendant he had said he was ready to go forward, and advised that he would not be granted a continuance because he was unprepared. The People played some of the recordings of defendant's telephone conversations with Bolton for the jury. In the excerpts presented, defendant seemed to be coaching Bolton to tell a fabricated story, first that "Felicia" had been driving the vehicle

---

[1]     *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

[2]     *Faretta v. California* (1975) 422 U.S. 806 (*Faretta*).

that evaded police, with defendant as a passenger, and later that Bolton herself had been driving. At one point in the recordings, Bolton reported she had spoken with defendant's attorney and had told him what they had "been rehearsing." Apparently, Bolton contacted the investigating CHP officer and the deputy district attorney and admitted driving the vehicle at the time it evaded the pursuing officer.

The court granted the People's motion to exclude as hearsay evidence of Bolton's statements to the defense investigator, in which she claimed she had been driving. Bolton did not appear for trial and did not testify; defendant presented no defense evidence and was convicted. He appeals, contending the trial court violated his constitutional right to due process by failing to grant him a reasonable continuance to prepare his case for trial.

### *DISCUSSION*

"The Sixth and Fourteenth Amendments of our Constitution guarantee that a person brought to trial in any state or federal court must be afforded the right to the assistance of counsel before he can be validly convicted and punished by imprisonment." (*Faretta, supra,* 422 U.S. at p. 807.) A criminal defendant also has a right to refuse such assistance and conduct his or her own defense, "providing he or she knowingly and intelligently waives the right to counsel [citation] and 'is able and willing to abide by the rules of procedure and courtroom protocol.' [Citation.]" (*People v. Bradford* (1997) 15 Cal.4th 1229, 1363-1364 (*Bradford*).) "Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' [Citation.]" (*Faretta, supra*, at p. 835.)

In order to invoke the constitutional right of self-representation, the defendant "must make an unequivocal assertion of that right within a reasonable time prior to the commencement of trial. [Citations.] When a motion for self-representation is not made

4

in a timely fashion prior to trial, self-representation no longer is a matter of right but is subject to the trial court's discretion.  [Citations.]" (*Bradford, supra,* 15 Cal.4th at p. 1365.)  In exercising that discretion, the court should consider such factors as "the quality of counsel's representation of the defendant, the defendant's prior proclivity to substitute counsel, the reasons for the request, the length and stage of the proceedings, and the disruption or delay which might reasonably be expected to follow the granting of such a motion." (*People v. Windham* (1977) 19 Cal.3d 121, 128 (*Windham*).)

Whether to grant a continuance of trial is a matter within the broad discretion of the trial court.  (*People v. Jenkins* (2000) 22 Cal.4th 900, 1037 (*Jenkins*).)  It is within the trial court's discretion to deny a continuance when it reasonably believes the request for a continuance is based on a desire to delay the proceedings for the defendant's benefit.  (*Id.* at p. 1039.)

There is no violation of a defendant's rights when his *Faretta* motion is made on the eve of trial and he is given the choice to proceed with counsel or to proceed without counsel on condition he proceed immediately.  In *People v. Clark* (1992) 3 Cal.4th 41, the defendant was convicted of six counts of first degree murder with special circumstances and was sentenced to death.  While the court was hearing the final pretrial motions, the defendant purported to discharge one of his two attorneys.  (*Id.* at p. 90.)  Subsequently, he made an oral *Faretta* motion, which was denied as untimely. (*Clark,* at pp. 91-92.)  On the day set for opening statements, the defendant renewed his *Faretta* motion, asking to represent himself with his second attorney as co-counsel, but stating he was not ready for trial.  (*Clark,* at p. 92.)  Because he was not ready, the trial court denied the motion.  (*Ibid.*)  Twice more in the next few days, the defendant renewed his motion, but sought appointment of new co-counsel.  (*Id.* at p. 93.)  The trial court stated it would consider the *Faretta* motion, but, if granted, the defendant would represent himself without the assistance of counsel.  (*Clark,* at p. 93.)  The defendant stated he

5

"'absolutely'" wanted to represent himself. (*Ibid*.) The trial court advised the defendant of the rights, responsibilities, and risks involved in self-representation, then found a knowing and intelligent waiver and permitted the defendant to represent himself; it kept his appointed attorneys as standby counsel. (*Ibid*.) Later, due to his disruptive conduct during trial, the trial court revoked the defendant's in propria persona status and reappointed counsel. (*Id*. at pp. 94-96.)

On appeal, the defendant challenged the granting of his *Faretta* motion. In addition to concluding "that defendant may not be heard to argue on appeal that his own motion should not have been granted" (*Clark, supra*, 3 Cal.4th at pp. 109, 110), the court rejected the defendant's contention "that the trial court improperly conditioned its grant of his *Faretta* motion on waiver of any necessary continuance." (*Ibid.*) The court distinguished earlier cases indicating a defendant whose motion for self-representation is granted should be given a reasonable time to prepare.

> "Although a necessary continuance must be granted if a motion for self-representation is granted, it is also established that a midtrial *Faretta* motion may be denied on the ground that delay or a continuance would be required. [Citations.] Unlike the trial court in *Bigelow, supra,* 37 Cal.3d 731, this trial court made clear its intent to deny the *Faretta* motion as untimely if a continuance would be necessary. It had in fact denied other *Faretta* motions on this basis. The *Faretta* motion was ultimately granted only when defendant expressly represented he was able to proceed without a continuance." (*Clark, supra*, 3 Cal.4th at p. 110.)

In *Jenkins*, the court followed the *Clark* decision. There, the defendant was sentenced to death after being convicted of first degree murder and other offenses. On appeal, he contended his request for a continuance during the penalty phase should have been granted after he was permitted to represent himself with the help of advisory counsel. (*Jenkins, supra,* 22 Cal.4th at pp. 1037-1038.) When he sought self-representation, the defendant "angrily rejected counsel's claim that he was unprepared." (*Id*. at p. 1038.) The trial court warned the defendant a request for a continuance would

constitute grounds for denying self-representation, and the "defendant accepted pro se status on the understanding that no additional time would be granted." (*Ibid*.) The trial court "was within its discretion in denying the requested continuances on the ground the court reasonably believed the requests were based upon a desire to delay the proceedings in an effort to affect the composition of the jury or to cause a mistrial." (*Ibid*.)

The court rejected the defendant's contention that, once he was permitted to represent himself, the denial of a continuance to prepare for trial deprived him of due process. The court stated:

> "We observed in *People v. Clark*, *supra*, 3 Cal.4th 41, that 'a necessary continuance must be granted if a motion for self-representation is granted.' [Citation.] On the other hand, in the *Clark* case we also stated that 'it also is established that a midtrial *Faretta* motion may be denied on the ground that delay or a continuance would be required,' and sanctioned the trial court's decision to condition the granting of the right of self-representation on defendant's waiver of a continuance.… [¶] … [¶]

> "No denial of due process appears in the court's refusal to grant defendant's motions for continuance. '[I]t is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel.' [Citation.] Instead, '[t]he answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge ....' [Citation.] Even in a capital case, if the defendant cannot show he or she has been diligent in securing the attendance of witnesses, or that specific witnesses exist who would present material evidence, '[g]iven the deference necessarily due a state trial judge in regard to the denial or granting of continuances,' the court's ruling denying a continuance does not support a claim of error under the federal Constitution. [Citations.]" (*Jenkins, supra*, 22 Cal.4th at pp. 1039-1040.)

In *People v. Valdez* (2004) 32 Cal.4th 73 (*Valdez*), the defendant was convicted of murder and other offenses, and was sentenced to death. Prior to trial, he made two *Marsden* motions and two *Faretta* motions, all of which were denied. On appeal, he contended the denial of his *Faretta* motions violated his constitutional right to represent himself. The defendant's second *Faretta* motion was made immediately prior to jury

7

selection. (*Valdez, supra,* 32 Cal.4th at p. 101.) The defendant expressed his belief that he could do a better job if he did some investigation and stated he would like to "go pro per." (*Ibid.*) He told the court he would not be prepared to go to trial that day if his request were granted. (*Ibid.*) The trial court indicated it would not grant the request, because it was made to delay the trial; however, it told the defendant he could proceed in propria persona that day, with standby counsel. (*Id.* at pp. 101-102.) On appeal, the defendant argued the motion was timely because it was made at the first available opportunity. The court concluded it was untimely because it was made moments before jury selection was set to begin and there were earlier opportunities to make it. (*Id.* at p. 102.) The unconditional right of self-representation is required to be invoked within a reasonable time prior to trial, in order to prevent misuse of the motion to unjustifiably delay the trial or obstruct the orderly administration of justice. (*Ibid.*) "'If the motion is untimely—i.e., not asserted within a reasonable time prior to trial—the defendant has the burden of justifying the delay.' [Citation.]" (*Ibid.*) When a *Faretta* motion is untimely, self-representation is not a matter of right, but is subject to the trial court's discretion. (*Valdez,* at p. 103.) The trial court considered the proper factors in exercising its discretion. The court concluded:

> "The trial court found the *Faretta* motion was not made in good faith, but made 'merely for the purposes of obtaining a continuance' and denied the motion. It is clear from the record that the trial court made an appropriate inquiry, and based on that inquiry denied defendant's *Faretta* motion. But in response to defendant's insistence that he had a constitutional right to proceed in propria persona, the court indicated that it would allow defendant to represent himself if he was able to proceed with the trial without delay. It did not, however, actually grant the *Faretta* motion.

> "'Although a necessary continuance must be granted if a motion for self-representation is granted, it is also established that a midtrial *Faretta* motion may be denied on the ground that delay or a continuance would be required.' [Citation.] Thus, the court acted within its discretion in

8

concluding that defendant could represent himself only if he was ready to proceed to trial without delay." (*Valdez, supra*, 32 Cal.4th at p. 103.)

Thus, in recent cases,[3] the California Supreme Court has found it is not a violation of due process to grant a motion for self-representation made during or on the eve of trial without granting defendant a continuance to prepare for trial. The trial court may deny such a motion if it would require a continuance, or it may grant the motion only if the defendant represents he is ready to proceed to trial as scheduled.

Defendant made a successful *Marsden* motion in September 2010, which resulted in several months' delay of the trial while the new attorney prepared. On March 10, 2011, 11 days before trial was scheduled to begin, defendant's second attorney filed a motion to withdraw as counsel, citing a conflict of interest. That motion was heard on March 21, 2011, the day set for trial; defendant assured the court then that he still wanted his attorney to represent him, in spite of the conflict cited by counsel as the basis for the motion. The motion to withdraw was denied. Two days later, defendant requested a *Marsden* hearing; the hearing was held and the motion was denied. The trial court considered it a rehash of defense counsel's motion to withdraw.

The next day, when the court began hearing the motions in limine, defendant made a *Faretta* motion. After initially stating he wanted to make a *Faretta* motion because his attorney was not doing what he asked him to do, defendant stated he was claiming ineffective assistance of counsel. The trial court stated that would be a *Marsden* motion, and reminded defendant his *Marsden* motion had been heard and denied the previous day.

---

[3]     Defendant argues that, when a defendant exercises his or her right of self-representation on the eve of trial and the court grants the motion, the defendant must be granted a reasonable continuance to prepare for trial or due process is violated. The cases he relies on in support of that proposition, however, predate *Clark*, *Jenkins*, and *Valdez*. (See *People v. Maddox* (1967) 67 Cal.2d 647; *People v. Wilkins* (1990) 225 Cal.App.3d 299; *People v. Hill* (1983) 148 Cal.App.3d 744; *People v. Cruz* (1978) 83 Cal.App.3d 308.)

The court proceeded to warn defendant of the dangers of self-representation and to try to demonstrate to him that he did not understand the legal procedures and concepts necessary to conduct his own defense. It advised defendant that the evidence he wished to put on was unlikely to be allowed in.

Defendant complained that his attorney had told him the previous day that the attorney would not put on any witnesses, would not present defendant's evidence, and believed defendant was guilty. Defendant also complained that his attorney had withdrawn defendant's motion in limine No. 20, which sought admission of Bolton's statements to a defense investigator, because Bolton was unavailable as a witness, having indicated she would invoke her Fifth Amendment right against self-incrimination. Further, defendant stated he was not comfortable in the courtroom where the judge had heard his attorney's motion to withdraw and his own *Marsden* motion and had denied both; he asserted he felt he would not be treated fairly and he had asked his attorney to find another courtroom.

Defendant assured the court he was prepared to defend himself that day, but the trial court expressed doubt. The trial court gave defendant a *Faretta* waiver form to fill out if he still wished to represent himself. When defendant returned the form, he had answered "no" to this question: "You have stated to the Court that you do not wish to be represented by an attorney, even though one would be provided to you at no expense if you cannot afford one, and that you wish to represent yourself. In making this decision to act as your own attorney, you have considered and understand the following.…" Defendant indicated he understood the following 15 items, but he did not agree that he did not want an attorney to represent him. He asserted he did want an attorney, just not the one currently appointed to him. The trial court again reminded defendant his *Marsden* motion had been denied, and stated it would not be relitigated. It then gave defendant a choice:

10

"THE COURT: … Now, do you want to proceed with him as your lawyer or do you want to represent yourself? [¶] If you do want to represent yourself, you need to tell me that you understand all those 1 through 15, and I'll get [the attorney] off the case, and you can represent yourself. I'll get a [jury] panel over here and we can get started. [¶] If you don't want to represent yourself, you tell me. We'll leave [the attorney]. We'll get a panel over here, and we'll get started. Either way, I need a decision."

Defendant stated he wished to represent himself. He asked further questions about filling out the waiver form, and the court expressed its opinion defendant was "fooling around and messing with the Court and … wasting the Court's time." The trial court relieved defendant's attorney. After the attorney turned over his materials to defendant, the trial court proceeded to hear the motions in limine.

In subsequent discussions with the trial court, defendant indicated he wished to play some of the CD recordings of his jailhouse telephone conversations for the jury, because he believed they contained exculpatory information. He did not have the CDs or transcripts of them in his possession, however, and he had not yet listened to them.[4] Defendant knew at the time he chose to represent himself that the CDs were part of the defense he wished to present; he also knew he had not listened to the CDs. Nonetheless he assured the trial court he was ready to proceed with trial that day, and chose self-representation knowing the trial would not be delayed if he was unprepared.

The cases indicate a trial court has discretion to grant or deny a motion for self-representation that is untimely or made for purposes of delay. Defendant's motion was made three days after the date set for trial, while the court was addressing motions in limine. Defendant argues his motion was not untimely because he made it at the first opportunity after he learned his attorney would not present the evidence he wished to present in his defense. Defendant, however, gave multiple reasons for not wishing to

---

**4**    Defendant's attorney did not have the CDs with him when he was relieved and turned his other materials over to defendant; he gave defendant the CDs and the transcripts in his possession the following day.

11

have his attorney represent him. His motion to have new counsel appointed had been heard and denied the previous day. Defendant vacillated between asserting he wished to represent himself and stating he wished to be represented by counsel, but not the counsel assigned to him. Defendant seemed more interested in relitigating his unsuccessful *Marsden* motion and trying to maneuver the trial court into appointing a different attorney, than in exercising his right to represent himself at trial. The circumstances justified the trial court's conclusion defendant was attempting to obstruct and delay trial.

Defendant also contends the trial court did not expressly condition the grant of the *Faretta* motion on defendant proceeding without a continuance. The choice the trial court gave defendant was clear, however: He could represent himself and proceed to trial that day, or he could continue to be represented by his appointed attorney and proceed to trial that day. This was the same choice given to the defendants in *Clark*, *Jenkins*, and *Valdez*. It was clear the trial court intended to proceed with the trial that day regardless of defendant's choice. Defendant stated multiple times that he was prepared and ready to begin trial that day. He chose to represent himself. Defendant cannot now complain because he regrets the choice he made.

The trial court did not abuse its discretion when it granted defendant's motion for self-representation only on condition he proceed without delay. After granting the motion based on defendant's representation he was ready for trial and that he wished to represent himself and go forward that day, the trial court did not abuse its discretion by requiring defendant to proceed without a continuance. Under the circumstances, proceeding without granting defendant a continuance was not a violation of due process.

## *DISPOSITION*

The judgment is affirmed.

_____
HILL, P. J.

WE CONCUR:

_____
WISEMAN, J.

_____
LEVY, J.